**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| FRANCISCO JAVIER RODRIGUEZ GALVAN, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. CIV-26-1050-J |
| MARKWAYNE MULLIN, et al., | ) ) | |
| Respondents. | ) ) | |

## ORDER

Petitioner Francisco Javier Rodriguez Galvan, a citizen of Mexico, is currently in the custody of Immigration and Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking release, or in the alternative, a bond hearing. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Chris M. Stephens consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Stephens issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part, and (2) order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release him if he has not received a lawful bond hearing within that period. (Rep. & Rec.) [Doc. No. 10]. Respondents filed a timely objection (Obj.) [Doc. No. 12], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023). Petitioner did not object.[1]

Petitioner entered the United States on March 2, 2006. In April 2026, ICE detained Petitioner after a traffic stop in Oklahoma. Petitioner subsequently filed an Application for

---

[1] Judge Stephens granted either party until July 17, 2026 to reply to the other party's objection. Rep. & Rec. at 8. The Court believes further argument is unnecessary and STRIKES the reply deadline.

Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents, which an Immigration Judge granted on June 30, 2026. Rep. & Rec. at 3; [Doc. No. 11]. In Petitioner's view, the Immigration Judge's decision reflects a determination that Petitioner has maintained continuous physical presence in the United States, is a person of good moral character with no disqualifying criminal history, does not pose a danger to the community, and that his removal would result in hardship to his family. [Doc. No. 11 at 2]. Respondents' deadline to appeal the decision is July 30, 2026. Meanwhile, Petitioner has remained in custody without a hearing since he was detained in April 2026.

In relevant part, Judge Stephens concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a); therefore, his continued detention without a bond hearing violates the Immigration and Nationality Act (INA). Rep. & Rec. at 4–6. In response, Respondents raise two objections. First, Respondents continue to assert their belief that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A). At the same time, however, Respondents acknowledge that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. 2026) controls. *See* Obj. at 1. In that case, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz*, 2026 WL 1876709, at *5; *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility,* No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026). Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the INA.[2]

---

[2] Because the Court grants Petitioner relief on this issue, it declines to address his remaining claims. Rep. & Rec. at 7–8; Obj. at 2.

Second, Respondents object to Judge Stephens' recommendation that any bond hearing occur within five business days, proposing instead a seven-day deadline. Obj. at 2. Respondents offer no practical justification for this proposed modification.[3] Moreover, the Court discerns no meaningful difference between five *business* days and seven days as both appear to result in the same deadline. Accordingly, Respondents have failed to demonstrate any basis for altering the recommended deadline, and this objection is without merit.

For the reasons above, the Report and Recommendation [Doc. No. 10] is ADOPTED and Petitioner's Petition for Writ of Habeas Corpus is GRANTED IN PART in so far as it alleges Respondents violated the INA. The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days of the date of this Order, or release Petitioner if no hearing occurs within that period.

Respondents shall certify compliance within ten days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 15th day of July, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

---

[3]  As support, Respondents cite *Santillan Quiroz* because the Tenth Circuit remanded with instructions to "order the Government to, within seven days of such order, either provide [Petitioner] with a bond hearing or else release him." 2026 WL 1876709, at *17 n.13. The Tenth Circuit did not, however, emphasize or otherwise explain its selection of a seven-day deadline as opposed to any other deadline. Thus, *Santillan Quiroz* is not fairly read to compel a categorical seven-day rule that this Court must apply in every case, despite Respondents' apparent suggestion otherwise.